# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**MICHAEL BRANCATO,**

    Plaintiff,

v.                                                                                                                      Case No: 5:18-cv-368-Oc-30PRL

**JOHN COTRONE,**

    Defendant.

_____

## ORDER

In this fraud action, Plaintiff has filed a motion to compel Defendant's response to his outstanding discovery requests. (Doc. 30). After Plaintiff filed his motion, Defendant filed a cross motion for a protective order. (Doc. 35). For the following reasons, Plaintiff's motion is due to be GRANTED and Defendant's motion is due to be DENIED.

**I.**   **BACKGROUND**

This action arises out of a dispute over funds that were in a pay on death account belonging to decedent, Rose Sorrentino Cotrone. Plaintiff is decedent's brother and the beneficiary of the funds in decedent's pay on death account. Defendant is decedent's husband and her power of attorney. Plaintiff claims that Defendant violated the terms of the power of attorney and misappropriated the funds in decedent's account. Plaintiff is now seeking to recover $274,000 from Defendant. (Doc. 1). Defendant claims that as the decedent's power of attorney, he had a right to transfer the funds from the account. (Doc. 10).

Records regarding the decedent's account have already been disclosed. Based on information revealed in those documents, Plaintiff requested that Defendant produce copies of the executed wire transfer authorization form authorizing the transfer of funds from the decedent's

account, copies of bank statements from April 2017 through July 2019 for Bank of America accounts xxxxxxxxx2947800 and xxxxxxxxxxxx2852, as well as copies of cancelled checks from April 2017 through July 2019, checks deposited from April 2017 through July 2019, and beneficiary designations for those two accounts. Defendant is the owner of the two Bank of America accounts. Plaintiff asserts that Defendant's daughter is the named power of attorney and beneficiary on both accounts.

Defendant objects to providing the requested information and argues that the information is irrelevant to the issues in the case. (Doc. 35). After Defendant failed to produce the documents, Plaintiff filed a motion to compel Defendant's response to his outstanding discovery requests. (Doc. 30). Shortly after, Defendant filed a cross motion for a protective order. (Doc. 35).

## II. LEGAL STANDARD

Motions to compel discovery under Rule 37(a) of the Federal Rules of Civil Procedure are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). "The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *Oliver v. City of Orlando*, No. 6:06-cv-1671, 2007 WL 3232227, at *2 (M.D. Fla. Oct. 31, 2007). The moving party "bears the initial burden of proving that the information sought is relevant." *Douglas v. Kohl's Dep't Stores, Inc.*, No. 6:15-cv-1185, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016) (quoting *Moore v. Lender Processing Servs. Inc.*, No. 3:12-cv-205, 2013 WL 2447948, at *2 (M.D. Fla. June 5, 2013)). Relevancy is based on the "tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action." *Garcia v. Padilla*, No. 2:15-cv-735, 2016 WL

881143, at *2 (M.D. Fla. March 8, 2016).

Under Federal Rule of Civil Procedure 26(c)(1), a party can obtain, upon a showing of "good cause," a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." A protective order should be entered "only when the movant makes a particularized showing of 'good cause' and specific demonstration of fact by affidavit or testimony of a witness with personal knowledge, of the specific harm that would result from disclosure or loss of confidentiality; generalities, conclusory statements and unsupported contentions do not suffice." *E.E.O.C. v. v. DiMare Ruskin, Inc.*, No. 2:11-cv-158, 2012 WL 12067868, at *3 (M.D. Fla. Feb. 15, 2012). Factors to consider in determining if good cause exists to grant a protective order include "[1] the severity and the likelihood of the perceived harm; [2] the precision with which the order is drawn; [3] the availability of a less onerous alternative; and [4] the duration of the order." *Corcel Corp. v. Ferguson Enters., Inc.*, 291 F.R.D. 680, 681 (S.D. Fla. 2013) (citing *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987)).

### III. DISCUSSION

At issue are discovery requests involving copies of two bank account statements, cancelled checks, checks deposited, beneficiary designations, and an executed wire transfer authorization form. Plaintiff claims that the production of these documents will show that Defendant misappropriated the funds in decedent's pay on death account and transferred the funds to various personal bank accounts that name his daughter as the power of attorney and beneficiary. Additionally, Plaintiff believes that Defendant exceeded the scope of the power of attorney, which had a limitation providing "[m]y attorney-in-fact has the power to make gifts of any of my assets . . . to any individuals . . . provided that I have previously made gifts to such donee, or such donee is a beneficiary under my most recently executed Will or Living Trust . . . or such donee is a natural

object of my bounty."[1] (Doc. 39, Exhibit C).

Plaintiff asserts that decedent had not made gifts to Defendant's daughter and had not named her as a beneficiary. Meanwhile, Defendant claims that the documents are irrelevant because as the power of attorney, he had the right to transfer the funds and Plaintiff never had ownership rights over the funds. Further, Defendant "strongly believes that this action will be summarily disposed of in the Defendant's favor." (Doc. 35). Whether Plaintiff can ultimately prevail on this claim is not before the Court. At issue now is whether the documents are relevant, and this Court finds that Plaintiff has met his burden and that the documents are relevant to the claims in this action. *See Douglas*, 2016 WL 1637277, at *2.

The Court reaches this conclusion based on the nature of the claims and defenses in this case, and the evidence that has already been produced. In short, the evidence (including records of decedent's account) reveals a tangled web of transfers from and between decedent's account and various accounts owned by Defendant that name his daughter as the power of attorney and beneficiary.[2] Further, Defendant has put into issue how the disputed funds were spent by claiming that he transferred the money out of decedent's account for Medicaid planning purposes in accordance with Florida law and to reimburse himself for the out of pocket nursing home expenses he incurred for the decedent's care. For these reasons, the Court concludes that Plaintiff is entitled

---

[1] This provision may shed some light into what the parties were contemplating in 2009 when they drafted the Durable Power of Attorney.

[2] Plaintiff argues that the information in those bank accounts is relevant because the bank statements he acquired show that Defendant transferred $270,616.57 from decedent's account into a family trust account and then transferred $260,000 out of the family trust account into account number xxxxxxxxx2947800. Defendant then withdrew $260,000 by a cashier's check, so Plaintiff cannot verify where the money went without the production of the documents. The statements Plaintiff has obtained by subpoena thus far show transfers between account number xxxxxxxxxxxx2852, the family trust account, and account number xxxxxxxxx2947800. Plaintiff believes that the Defendant may have transferred the funds into account number xxxxxxxxxxxx2852, in which Defendant's daughter is the power of attorney and beneficiary.

to the requested discovery.

Meanwhile, Defendant has moved for a protective order on the discovery documents requested by Plaintiff because he believes that Plaintiff is on a "wholesale fishing expedition designed to annoy and harass the Defendant and to force him into an unwarranted settlement of a frivolous lawsuit." (Doc. 35). However, Defendant has not shown how the disclosure of the documents would cause him any harm. Instead, Defendant merely claims that the protective order should be granted because the documents contain "highly intrusive and embarrassing information about the daily living and medical needs of an ailing 91-year-old man." A generalized claim of embarrassment is not enough to establish good cause for a protective order. *See Cipollone v. Liggett Grp., Inc.*, 785 2d. 1108, 1121 (3d Cir. 1986) ("[A]n applicant for a protective order whose chief concern is embarrassment must demonstrate that the embarrassment will be particularly serious."). Yet Defendant's reasons are conclusory and contain no facts explaining the specific harm or embarrassment that would result if Plaintiff gained access to the information.[3] Thus, Defendant has not established a showing of good cause as to why a protective order is warranted.

## IV. CONCLUSION

Accordingly, Plaintiff's motion to compel (Doc. 30) is **GRANTED** to the extent that Defendant shall provide complete responses to all of the disputed discovery requests, including copies of the executed wire transfer authorization form authorizing the May 26, 2017 wire transfer from decedent's account, and copies of statements, cancelled checks, checks deposited, and

---

[3] To the extent that Defendant is concerned that the requested documents might reveal sensitive information, the parties are free to enter into a stipulated agreement. Notably, written stipulated agreements need not be entered into the record to be effective—merely reducing the agreement to writing and signing it is sufficient to make the agreement enforceable. *See* Local Rule 4.15.

beneficiary designations for accounts xxxxxxxxx2947800 and xxxxxxxxxxxx2852 from April 2017 to July 2019.

Defendant's motion for a protective order (Doc. 35) is **DENIED**. Defendant should provide complete responses to all of the disputed discovery requests on or before October 11, 2019.[4]

**DONE** and **ORDERED** in Ocala, Florida on September 25, 2019.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[4] If Plaintiff intends to seek expenses under Rule 37(a)(5)(A), he should file an appropriate motion within ten days.