# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**MICHAEL BRANCATO,**

    **Plaintiff,**

**v.**                                                                                            Case No: 5:18-cv-368-Oc-30PRL

**JOHN COTRONE,**

    **Defendant.**

## ORDER

Before the Court is Plaintiff's request for attorney's fees. (Doc. 52). Previously, the Court granted Plaintiff's motion to compel and informed Plaintiff if he intended to seek expenses under Rule 37(a)(5)(A) to file an appropriate motion. (Doc. 44). Defendant has filed a response in opposition to the motion for attorney's fees. (Doc. 56). After review, the Court finds that Plaintiff is due to be awarded $2,835 in attorney's fees.

    **I.**    **BACKGROUND**

In this fraud action, Plaintiff sought to compel Defendant's response to his outstanding discovery requests. (Doc. 30). After Plaintiff filed his motion, Defendant filed a cross motion for a protective order. (Doc. 35). Plaintiff seeks 8.1 hours for preparing the motion to compel, his response to the protective order, and the motion for attorney's fees. (Doc. 53, Exhibit B). Plaintiff seeks an hourly rate of $425 per hour, totaling $3,442.50[1] in attorney's fees. (Doc. 53, Exhibit B).

---

[1] Plaintiff seeks a total of $3,443.21 in attorney's fees, but the total hours multiplied by the hourly rate is $3,442.50.

Defendant has filed a response claiming that Plaintiff's motion should be denied because Defendant's opposition to the discovery requests were substantially justified. (Doc. 56).

## II. DISCUSSION

If a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Such an award is not warranted if the movant did not make a good faith attempt to resolve the discovery dispute without court action, the opposing party's objection or failure to produce the discovery was substantially justified, or awarding expenses would otherwise be unjust. *Id.* Rule 37(a)(5)(A)(i)-(iii).

In his response, Defendant argues his objections to Plaintiff's motion to compel and his cross motion for a protective order were substantially justified. (Doc. 56). Whether Defendant's objections were "substantially justified" depends on if "there is a genuine dispute." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Defendant's argument in opposition to the motion to compel and for the motion for a protective order largely focused on the merits of the case, which were not before the Court. The question before the Court was whether the requested production was relevant to the issue of whether Defendant misappropriated the funds in the pay-on-death account or to Defendant's defense that the money was used for Medicaid planning purposes. Therefore, Defendant's objections and cross motion for a protective order were not substantially justified and Plaintiff has a right to attorney's fees incurred in making his motion to compel.

While Plaintiff has a right to attorney's fees incurred in making his successful motion to compel, the Court has a corresponding duty to ensure that such an award is reasonable. In determining a reasonable attorney's fee, the Court applies the federal lodestar approach, which is

calculated by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate for the services provided by counsel for the prevailing party. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Once the court has determined the lodestar, it may adjust the amount upward or downward based upon a number of factors, including the results obtained. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988).

Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting *Hensley*, 461 U.S. at 436). Additionally, the Court is "an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

### A. Reasonable Hours Expended

First, the Court must determine the number of hours reasonably expended on the litigation. The attorney fee applicant should present records detailing the amount of work performed. "Inadequate documentation may result in a reduction in the number of hours claimed, as will a claim for hours that the court finds to be excessive or unnecessary." *Rowe*, 472 So.2d at 1150. Then, the fee opponent "has the burden of pointing out with specificity which hours should be deducted." *Rynd v. Nationwide Mut. Fire Ins. Co.,* No. 8:09-cv-1556, 2012 WL 939387, at *3 (M.D. Fla. Jan. 25, 2012) (quoting *Centex-Rooney Const. Co., Inc. v. Martin Cty.*, 725 So.2d 1255, 1259 (Fla. 4th DCA 1999). Attorneys "must exercise their own billing judgment to exclude any

calculated by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate for the services provided by counsel for the prevailing party. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Once the court has determined the lodestar, it may adjust the amount upward or downward based upon a number of factors, including the results obtained. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988).

Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting *Hensley*, 461 U.S. at 436). Additionally, the Court is "an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

### A. Reasonable Hours Expended

First, the Court must determine the number of hours reasonably expended on the litigation. The attorney fee applicant should present records detailing the amount of work performed. "Inadequate documentation may result in a reduction in the number of hours claimed, as will a claim for hours that the court finds to be excessive or unnecessary." *Rowe*, 472 So.2d at 1150. Then, the fee opponent "has the burden of pointing out with specificity which hours should be deducted." *Rynd v. Nationwide Mut. Fire Ins. Co.,* No. 8:09-cv-1556, 2012 WL 939387, at *3 (M.D. Fla. Jan. 25, 2012) (quoting *Centex-Rooney Const. Co., Inc. v. Martin Cty.*, 725 So.2d 1255, 1259 (Fla. 4th DCA 1999). Attorneys "must exercise their own billing judgment to exclude any

hours that are excessive, redundant, or otherwise unnecessary." *Galdames v. N&D Inv. Corp.*, 432 F. App'x 801, 806 (11th Cir. 2011). A court may reduce excessive, redundant, or otherwise unnecessary hours, or may engage in "an across-the-board cut," as long as the court adequately explains its reasons for doing so. *Id.*

Plaintiff seeks a total of 8.1 hours, made up of .41 hours of legal research for his initial motion, 2 hours to draft the motion, .3 hours to review Defendant's cross motion, 2.89 hours to research and draft the opposition to Defendant's cross motion, and 2.50 hours to draft the instant motion for attorney's fees. (Doc. 53). Although Defendant is objecting to an award of fees in general, he fails to make any specific objection as to the number of hours claimed. (Doc. 56). Therefore, without any specific objection to the number of hours, the Court finds 8.1 hours a reasonable number of hours necessary for preparing the original motion to compel, the response to Defendant's cross motion, and the instant motion, under the circumstances. *Cf. Cake v. Casual Concepts, Inc.*, No. 3:16-cv-102, 2017 WL 3917001, at *9 (M.D. Fla. Aug. 16, 2017) (finding 3.6 hours reasonable for a motion to compel); *Pharis v. Kirkman Mangmt., LLC*, No. 6:12-cv-1748, 2013 WL 6001088, at *3 (M.D. Fla. Nov. 12, 2013) (allowing 2.8 hours for a motion to compel).

### B. Reasonableness of Hourly Rates

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with the prevailing market rates. *Id*. The trial court, itself, is an expert on the question of the reasonableness of fees and may consider its own knowledge and experience. *Id*. at 1303.

Plaintiff seeks $425 an hour as a reasonable rate and notes that while this rate is higher than what is typically charged in the State of Florida, in 2018, 49% of Florida attorneys charged over $300 per hour and over 33% charged over $350. (Doc. 53, Exhibit C). Plaintiff's counsel, Anand A. Kapasi, Esq., has over 12 years of experience as a practicing attorney in New York and New Jersey. (Doc. 53 ¶ 6). Although Defendant objected to an award of fees in general, he failed to make a specific objection to the hourly rate in his response. (Doc. 56). A rate of $425 an hour is substantially higher than rates typically awarded in the Middle District of Florida. This Court has previously approved rates of $325 and $350 an hour. *See e.g., Benehaley v. Tawfik*, Case No. 5:17-cv-312 (M.D. Fla. July 1, 2019) (approving an hourly rate of $325); *Truesdell v. Thomas*, Case No. 5:13-cv-552 (M.D. Fla. Nov. 26, 2018) (approving an hourly rate of $350); *Skybolt Aeromotive Corp. v. Milspec Prod. Inc.*, Case No. 5:16-cv-616 (M.D. Fla. June 7, 2017) (approving an hourly rate of $325). Given the nature of the case and Mr. Kapasi's experience, the Court will approve a rate of $350 an hour.

In sum, the Court finds Plaintiff reasonably incurred 8.1 hours in making the motion and is entitled to an award of $2,835 ($350 per hour x 8.1 hours).

### III. Conclusion

Accordingly, Plaintiff's request for attorney's fees (Doc. 52) is GRANTED in the amount of $2,835.

**DONE** and **ORDERED** in Ocala, Florida on November 15, 2019.

PHILIP R. LAMMENS
United States Magistrate Judge

c: Counsel of Record
Unrepresented Parties